**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000604**
**13-FEB-2020**
**07:53 AM**

NO. CAAP-17-0000604

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOSEPH WILLIAMS-GARCIA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 15-1-1922 (1PC151001922))

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Wadsworth, JJ.)

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the July 12, 2017 Findings of Fact, Conclusions of Law, and Order Granting [Defendant-Appellee Joseph Williams-Garcia's (**Williams-Garcia**)] Motion to Dismiss Count III of the Superseding Indictment for Violation of Defendant's Due Process Rights (**FOFs/COLs**), entered in the Circuit Court of the First Circuit (**Circuit Court**).[1]

The State contends that the Circuit Court erred in dismissing Count III, Theft in the Second Degree: (1) on the ground that the charging language failed to allege the requisite state of mind as to certain parts of the charge, in violation of Williams-Garcia's due process rights; and (2) with prejudice, based on the Hawaiʻi Supreme Court's decision in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981). The State also challenges certain related findings of fact and conclusions of law in the FOFs/COLs.

---

[1] The Honorable Rom A. Trader presided.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the State's contentions as follows.

## I.  BACKGROUND

On December 9, 2015, and December 23, 2015, respectively, the State filed an Indictment and Superseding Indictment (**indictment**), both of which charged Williams-Garcia with Theft in the Second Degree, in the following language:

> COUNT 3:  On or about December 3, 2015, in the City and County of Honolulu, State of Hawaiʻi, JOSEPH WILLIAMS-GARCIA, did obtain or exert unauthorized control over the property of [AV], the value of which exceeds Three Hundred Dollars ($300.00), with intent to deprive [AV] of the property, thereby committing the offense of Theft in the Second Degree, in violation of Section 708-831(1)(b) of the Hawai[]i Revised Statutes.

(**Count III**).

At the time, Hawaii Revised Statutes (**HRS**) § 708-831(1)(b) (2014) provided:  "A person commits the offense of theft in the second degree if the person commits theft . . . [of] property or services the value of which exceeds $300."  HRS § 708-830(1) (2014) defines "theft," as follows:  "A person commits theft if the person . . . [o]btains or exerts unauthorized control over the property of another with intent to deprive the other of the property."

On May 5, 2017, Williams-Garcia moved to dismiss Count III with prejudice, arguing that the charging language failed to include the required state of mind as to:  (1) "obtain[ing] or exert[ing] unauthorized control over the property of another"; and (2) the value of the property.

At the June 27, 2017 hearing of the motion, the court indicated that it would dismiss Count III, but would hear arguments on whether the dismissal should be with or without prejudice.  The court explained that because the State repeatedly failed to include the correct charging language, the court would look to the factors in Estencion to determine if the dismissal should be with or without prejudice.

The July 12, 2017 FOFs/COLs stated in relevant part:

FINDINGS OF FACT

. . . .

4.     Both the Indictment and the Superseding Indictment omit the *mens rea* requirement for the essential elements as to Defendant's state of mind as to the value of the property and Defendant's state of mind as it pertains to "obtain or exert unauthorized control over property".

. . . .

CONCLUSIONS OF LAW

. . . .

3.     "Requiring *mens rea* to be included in each element of the offense charged 'alerts defendants of precisely what they need to defend against to avoid a conviction.'" [State v. Gaub, No. CAAP 16-0000547, 2017 WL 213153, at *4 (Haw. App. Jan. 18, 2017) (SDO)].

4.     Based on Hawaii Supreme court decisions, a charging document "must reflect the *mens rea* of intent related to the value of the property when a person is charged with an offense of theft." Gaub at 7.

5.     Additionally, even though the "statute does not expressly provide a *mens rea* before the language 'obtains or exerts unauthorized control over the property of another', the *mens rea* of intent also attaches to obtaining or exerting unauthorized control over the property of another." Gaub at 10.

6.     Because Count III of the Superseding Indictment in the instant case fails to allege the requisite state of mind as to the valuation element of the offense as well as the element of obtaining and exerting unauthorized control over the property, it is deficient for failing to provide fair notice to Defendant thereby violating Defendant's due process rights.

7.     Because the language in Count III of the Superseding Indictment is fatally defective, this Court must grant Defendant's Motion to Dismiss Count III.

8.     In determining whether to dismiss the instant case, with or without prejudice, the Court must consider and apply the factors listed in [Estencion].

9.     These factors are:  "the seriousness of the offense, the facts and the circumstances of the case which led to the dismissal, and the impact of reprosecution on the administration of justice must be considered." [Id.] at 269, 625 P.2d at 1044.

10.     In evaluating the seriousness of the offense, while Count III is a Class C felony, which carries a potential five-year prison term, standing alone, it could be viewed as serious, but when compared to other Class C felonies and considering Defendant is charged with one Class A felony, one Class B felony, two other Class C felonies, and one misdemeanor, the Count III offense of Theft in the Second Degree is not serious under this analysis.

11. The facts and circumstances of the case leading to a dismissal that weigh in favor of the Defense include the number of offenses remaining which Defendant still faces in the instant case, as well as the fact that this case was charged back in December 2015 and is currently pending trial the week of August 21, 2017.

12. The State had two opportunities to correctly charge Defendant and failed to do so, and the impact of reprosecution and the administration of justice would be thwarted if the State were to get a third opportunity.

13. To permit the State to come back and refile Count III of the above-entitled case, by dismissing said Count without prejudice, would impact the current trial date.

14. Fundamental fairness to Defendant requires that the dismissal be with prejudice.

## II. DISCUSSION

### A. Insufficiency of Count III

The State argues that the Circuit Court erred in dismissing Count III, asserting that the charging language sufficiently apprised Williams-Garcia of the state of mind that he needed to defend against.

The Hawaiʻi Supreme Court has held that a criminal charge must set out the applicable state of mind, or mens rea, to satisfy due process requirements. See State v. Nesmith, 127 Hawaiʻi 48, 53, 276 P.3d 617, 622 (2012). In Nesmith, the supreme court noted that "[i]n some cases, . . . a charge tracking the language of the statute defining the offense nevertheless violates an accused's due process rights." Id. Though not an element of the offense, applicable states of mind are "required to be included in the charges against the defendants in order 'to alert the defendants of precisely what they needed to defend against to avoid a conviction.'" State v. Gonzalez, 128 Hawaiʻi 314, 324, 288 P.3d 788, 798 (2012) (quoting Nesmith, 127 Hawaiʻi at 56, 276 P.3d at 625). Further, "[a] charge that fails to charge a requisite state of mind cannot be construed reasonably to state an offense and thus the charge is dismissed without prejudice because it violates due process." State v. Apollonio, 130 Hawaiʻi 353, 359, 311 P.3d 676, 682 (2013).

Regarding theft statutes, prior decisions of this court and the Hawaiʻi Supreme Court support the Circuit Court's ruling here that the mens rea of intent applies to the value of the property involved in the theft. See State v. Cabrera, 90 Hawaiʻi 359, 978 P.2d 797 (1999); State v. Mitchell, 88 Hawaiʻi 216, 965 P.2d 149 (App. 1998). Although Cabrera and Mitchell addressed whether jury instructions were appropriate, "both cases held that the mens rea of intent applied with regard to the value of the property involved in the respective case." State v. Gaub, No. CAAP 15-0000547, 2017 WL 213153, at *3 (Haw. App. Jan. 18, 2017) (SDO) (explaining the rulings in Cabrera and Mitchell).

In Gaub, this court applied the rulings in Cabrera and Mitchell to assess the sufficiency of a charge of Theft in the Second Degree under HRS §§ 708-831(1)(b), based on alternative types of "theft" under HRS § 708-830(1) and (7). Regarding the former alternative, the court concluded:

> [T]he offense charged against [the defendant] in this case based on HRS §§ 708-831(1)(b) and 708-830(1) requires establishing, inter alia, that [the defendant] had an intentional state of mind regarding the value of the property being in excess of $300. Given this requirement, and in light of the Hawaiʻi Supreme Court cases related to the inclusion of applicable mens rea in charging documents, the charge against [the defendant] must have reflected the mens rea of intent related to the value of the property.

Gaub, 2017 WL 213153, at *5. The relevant charge in Gaub stated that the defendant "obtained or exerted unauthorized control over the property of another, TIRE(S) belonging to LEX BRODIE TIRE AND SERVICE the value of which exceeded $300.00 with intent to deprive the owner of the property." Id. at *6 (emphasis omitted). Because this charging language "[could ]not reasonably be read such that [the defendant] was put on notice that he committed the alleged conduct with the intent that the value of the property exceeded $300[,]" this court affirmed the circuit court's dismissal of the charge under HRS §§ 708-831(1)(b) and 708-830(1).[2/] Id. at *5-6.

---

[2/] This court also affirmed dismissal of the alternative charge under HRS § 708-831(1)(b) and 708-830(7), based on a similar deficiency. Gaub, 2017 WL 213153, at *5-*6.

5

Similarly, here, Count III of the indictment states, in relevant part, that Williams-Garcia "did obtain or exert unauthorized control over the property of [AV], the value of which exceeds Three Hundred Dollars ($300.00), with intent to deprive [AV] of the property[.]" This language, like the language at issue in Gaub, cannot reasonably be read to allege that the mens rea of intent attaches to the valuation element of the charge, and Williams-Garcia thus "was not alerted 'of precisely what [he] needed to defend against to avoid a conviction.'" Id. at *6 (quoting Gonzales, 128 Hawaiʻi at 324, 288 P.3d at 798).

In Gaub, this court further ruled that under Mitchell, the mens rea of intent also attaches to "obtain[ing] or exert[ing] unauthorized control over the property of another." Id. at *6. See HRS § 708-830(1). This court concluded that the charge in that case did not sufficiently inform the defendant that he must have had the intent to obtain or exert unauthorized control over the property at issue, and he was not alerted of what he needed to defend against to avoid a conviction. Gaub, 2017 WL 213153, at *6 (citing Gonzales, 128 at 324, 288 P.3d at 798).

Similarly, here, the relevant portion of Count III does not specify the mens rea of intent before the alleged conduct of obtaining or exerting unauthorized control. Like its counterpart in Gaub, Count III is fatally deficient.

The State tries to distinguish Gaub, arguing that HRS § 708-830(7), the basis for one of the alternative theft charges in Gaub, includes two states of mind (both intentional and knowing states), and "[w]ith two states of mind alleged, the charge was unclear as to which state of mind applied to the valuation of the property element." We cannot reconcile this argument with our analysis in Gaub, where we independently assessed the sufficiency of each alternative charge. We did not explicitly or implicitly link the insufficiency of the charge based on HRS § 708-830(1) to any perceived lack of clarity in the alternative charge based on § 708-830(7). We concluded that the charge based on HRS § 708-830(1) was insufficient because the

charging language did not reflect the <u>mens</u> <u>rea</u> of intent related to: (1) the value of the property, and (2) obtaining or exerting unauthorized control over the property. 2017 WL 213153, at *5. The charging language here is almost identical to the language found to be deficient in <u>Gaub</u>. The language here is likewise deficient.

The State also relies on HRS § 702-207 (2014), which provides that "[w]hen the definition of an offense specifies the state of mind sufficient for the commission of that offense, without distinguishing among the elements thereof, the specified state of mind shall apply to all elements of the offense, unless a contrary purpose plainly appears." According to the State, because Count III "contained only one state of mind – intent," that "one state of mind applied to all elements," and "the indictment sufficiently notified Williams-Garcia of the state of mind he was required to defend against." Such "notice" would presumably depend upon his reading HRS § 702-207 and replicating the State's conclusory legal analysis. This argument finds no support in the relevant case law, is inconsistent with <u>Gaub</u>, and gives far too short shrift to the Hawaiʻi Supreme Court cases concerning the inclusion of applicable <u>mens</u> <u>rea</u> in charging documents. For the reasons previously stated, Count III did not properly notify Williams-Garcia of what he needed to defend against to avoid a conviction. The Circuit Court did not err in dismissing Count III on that ground.[3/]

### B. Dismissal With Prejudice

The State argues, and we conclude, that the Circuit Court erred in dismissing Count III with prejudice, based on the Hawaiʻi Supreme Court's decision in <u>Estencion</u>.

The supreme court "adhere[s] to this core principle: A charge that fails to charge a requisite state of mind cannot be construed reasonably to state an offense and thus the charge is

---

[3/] In light of our conclusion, we also reject the State's related arguments that FOF 4 was clearly erroneous and COLs 3 through 7 were wrong. We note that in COLs 3 through 5, the Circuit Court incorrectly used quotation marks when paraphrasing certain statements in <u>Gaub</u>. While the court should not have used quotation marks in this manner, the substance of the COLs was not wrong.

dismissed without prejudice because it violates due process." Apollonio, 130 Hawai'i at 359, 311 P.3d at 682 (citing State v. Elliot, 77 Hawai'i 309, 313, 884 P.2d 372, 376 (1994); Nesmith, 127 Hawai'i at 56, 276 P.3d at 625). Indeed, the supreme court has repeatedly ruled that dismissal without prejudice is the appropriate remedy where a charge is dismissed for failing to allege the required state of mind. See Apollonio, 130 Hawai'i at 358-59, 311 P.3d at 681-82; Gonzalez, 128 Hawai'i at 324, 288 P.3d at 798; State v. Maharaj, 131 Hawai'i 215, 219, 317 P.3d 659, 663 (2013).

Here, rather than apply these authorities, the Circuit Court dismissed Count III with prejudice, based on an assessment of the factors listed in Estencion. There, however, the circuit court dismissed a burglary charge against the defendant pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 48,[4] which expressly gives the court discretion to dismiss a charge with or without prejudice when the prescribed time limits for trial expire. On review, the supreme court set out several factors for the trial court to consider in determining whether to dismiss a charge with or without prejudice for violation of HRPP Rule 48. Estencion, 63 Haw. at 269, 625 P.2d at 1044.

---

[4]    HRPP Rule 48 provides, in relevant part:

**DISMISSAL.**

. . . .

> (b) **By court.** Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months:
>
> (1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or
>
> (2) from the date of re-arrest or re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant[.]
>
> . . . .
>
> (c) **Excluded Periods.** The following periods shall be excluded in computing the time for trial commencement:
>
> . . . .

Here, there was no violation of HRPP Rule 48. Under these circumstances, the circuit court erred in applying the Estencion factors rather than the above-cited authorities, which required dismissal of Count III without prejudice.

In light of the above, we conclude that COLs 8-14 are also wrong, because they are based on the Circuit Court's erroneous application of the Estencion factors.

### III. CONCLUSION

For these reasons, we affirm that portion of the Circuit Court's July 12, 2017 FOFs/COLs that dismissed Count III, and vacate that portion that dismissed Count III with prejudice. This case is remanded to the Circuit Court with instructions to dismiss Count III without prejudice, and for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, February 13, 2020.

On the briefs:

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellant.

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge